UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL H. RICHARDS,

                              Plaintiff,

              -against-

JOHN DOE CERT Correctional Officer – A;
JOHN DOE, CERT Correctional Office – B;
JANE DOE, CERT Correctional Officer C; DOG
HANDLER K-9 Unit Officer – D; MICHAEL
CAPRA, Superintendent of Sing Sing
Correctional Facility; DANIEL MARTUSCELLO
III, Commissioner of Department of Corrections
and Community Supervision; RAIZA KHAN
FERDOUS, Medical Director of Sing Sing
Correctional Facility Clinic,

                              Defendants.

25-CV-9150 (KMK)

ORDER OF SERVICE

KENNETH M. KARAS, United States District Judge:

Plaintiff, who currently is incarcerated at Sing Sing Correctional Facility (Sing Sing) in

the custody of the New York State Department of Corrections and Community Supervision

(DOCCS), brings this action *pro se*. He asserts claims under the Americans with Disabilities Act

and claims under 42 U.S.C. § 1983, for alleged violations of his constitutional rights. By order

dated November 5, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis*

(IFP), that is, without prepayment of fees.[1]

## DISCUSSION

### A.      Unidentified Defendants

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court

in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

sufficient information to permit DOCCS to identify the John and Jane Doe defendants present on November 10, 2022, in B Block at Sing Sing Correctional Facility, during the K-9 search of Plaintiff. It is therefore ordered that the Office of the New York State Attorney General, which is the attorney for and agent of the DOCCS, must ascertain the identity and badge number of each John and Jane Doe whom Plaintiff seeks to sue here and the address where each defendant may be served. The New York State Attorney General must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming the Doe defendants. The amended complaint will replace, not supplement, the original complaint. A Prisoner Civil Rights Amended Complaint form for Plaintiff to complete after receiving this information is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order directing the Clerk of Court to complete the USM-285 forms with the addresses for the named Doe Defendants and deliver to the U.S. Marshals Service all documents necessary to effect service.

**B.      Service on Named Defendants**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to assistance from the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendants Sing Sing Superintendent Michael Capra, Sing Sing Medical Director Razia Khan Ferdous, and DOCCS Commissioner Daniel Martuscello III, through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form (USM-285 form) for each Defendant. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

---

[2]Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

## CONCLUSION

The Clerk of Court is directed to mail an information package and a Prisoner Civil Rights Amended Complaint form to Plaintiff.

The Clerk of Court is further instructed to issue summonses for Defendants Sing Sing Superintendent Capra, Sing Sing Medical Director Ferdous, and DOCCS Commissioner Martuscello, complete the USM-285 forms with the addresses for Defendants, and deliver to the U.S. Marshals Service all documents necessary to effect service.

The Clerk of Court is directed to mail a copy of this order and the complaint to the New York State Attorney General at: 28 Liberty St, New York, NY 10005.

SO ORDERED.

Dated:  January 12, 2026
      White Plains, New York

                               KENNETH M. KARAS
                             United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

1.    Superintendent Capra
      Sing Sing Correctional Facility
      354 Hunter Street
      Ossining, NY 10562

2.    Medical Director Razia Khan Ferdous
      Sing Sing Correctional Facility
      354 Hunter Street
      Ossining, NY 10562

3.    Commissioner Daniel Martuscello III
      New York State Department of Corrections and Community Supervision
      Harriman State Office Campus
      1220 Washington Avenue #9
      Albany, New York 12226-2050